IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ANTONYO HARRIS, ) | |
| ) | |
| Plaintiff ) | 1:24-CV-00347-RAL |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| SUPERINTENDENT PATRICIA ) | |
| THOMPSON, SCI ALBION; ) | MEMORANDUM ORDER ON PLAINTIFF'S |
| ) | MOTION TO COMPEL |
| Defendant ) | |
| ) | IN RE: ECF NO. 17 |

Plaintiff Antonyo Harris has filed a Motion to Compel the Defendant to pay him $2,000 as a sanction for each day he was wrongfully held in the restrictive housing unit at the State Correctional Institution at Albion ("SCI-Albion"), allegedly in violation of his constitutional rights. *See* ECF No. 17. For the reasons explained below, the motion will be DENIED.

Harris, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this civil rights action against Patricia Thompson, the Superintendent of SCI-Albion, where Harris has been confined. His Complaint alleged that, on December 15, 2004, he was issued a prison misconduct charge for possession of a dangerous controlled substance based on a "false positive" urine test. ECF No. 7, ¶¶ 6-8. As a result of the misconduct charge, Harris was transferred to the restricted housing unit ("RHU") of the prison where he was subjected to heightened restrictions, including regular drug testing. *Id.*, ¶ 13. His Complaint sought compensatory damages in the amount of $350,000 and punitive damages in an equal amount.[1] The

---

[1] The inclusion of these amounts in the Complaint violates Rule 8 of the Local Rules of this Court, which states in material part, "No party shall set forth in a pleading originally filed with this Court a specific dollar amount of

Complaint also sought injunctive relief that included reversal of the controlled substance misconduct, his removal from the RHU, and Defendant's payment of a sanction in the amount of $2000 for each day he is confined to the RHU. *Id.*, ¶ 15.

Harris filed his Motion to Compel payment of sanctions on February 21, 2025. Harris's motion states in part:

> Defendants have complied with every other relief sought, and dismissed all restriction or sanctions in relation to the instant matter with the exception of 16 & 17 in the prayer for relief which can be worked out through this honorable court. But section "E" is money that is part of the sanction.

ECF No. 17, ¶ 2.

Harris attached two exhibits to his motion. The first is a letter from Michael Zaken, Deputy Secretary of the DOC dated January 31, 2025, notify Harris that the DOC's Office of Chief Hearing Examiner had recommended that "Misconduct F241012 [regarding use of a controlled substance] be dismissed prohibiting recharge," that Deputy Secretary Zaken concurred with this recommendation, and that "this misconduct is hereby dismissed at Final Review prohibiting recharge." ECF No. 17-1. The second exhibit is a copy of January 28, 2025 PennLive article discussing DOC policy changes after complaints of "false positive" drug tests at DOC institutions. ECF No. 17-2.

Based on the allegations of the Motion to Compel and the exhibits thereto, Harris's acknowledges that his requests for injunctive relief, except for his requests for monetary sanctions, are either moot or concern matters that do not involve a threat of irreparable harm. "A claim for injunctive relief becomes moot when the underlying issue has been resolved or circumstances have

---

unliquidated damages in a pleading except as may be necessary to invoke the diversity jurisdiction of the Court…" LCvR 8.

changed such that there is no longer a need for the court to provide a remedy." *Daly v. Pennsylvania Dep't of Corr.*, 2024 WL 4480103, at *9 (W.D. Pa. Aug. 7, 2024), *report and recommendation adopted,* 2024 WL 4284680 (W.D. Pa. Sept. 25, 2024) (citations omitted). "In such situations, an active controversy no longer remains for the court to resolve, leaving no effective relief for the court to grant." *Id.* Likewise, a failure to demonstrate a risk of imminent irreparable harm precludes preliminary injunctive relief. *Synthes, Inc. v. Gregoris*, 228 F.Supp.3d 421, 440 (E.D. Pa. 2017) ("Any irreparable harm must be imminent.").

This leaves only Harris's demand for sanctions in the amount of $2,000 for each day he was confined to the RHU as the only relief he now presses in his Motion to Compel. But the law authorizes no such relief. First, despite Harris's characterization, the relief he seeks is not equitable in nature. It does not seek to maintain or restore the status quo. *See Best Foods v. Hemphill Packing Co.,* 295 F. 425, 426 (D. Del. 1924) (holding that the "general purpose of a preliminary injunction is to maintain the status quo"). The relief Harris requests is facially punitive. No authority exists for the type of preemptive imposition of sanctions Harris seeks in his motion. There has been no finding of liability for compensatory or punitive damages or any alleged litigation misconduct on the part of the Defendant to support a sanction. Indeed, the Defendant has yet to be served with process or provided an opportunity to respond to Harris's allegations and claims. Harris's Motion to Compel is therefore DENIED.

DATED this 25th day of February, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE