IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ANTONYO HARRIS, | ) |
| Plaintiff | ) 1:24-CV-00347-RAL |
| vs. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| SUPERINTENDENT PATRICIA<br>THOMPSON, SCI ALBION, | ) MEMORANDUM ORDER ON MOTION<br>) FOR PRELIMINARY INJUNCTION |
| Defendant | ) ECF NO. 25 |

I.  Background

Plaintiff Antonyo Harris ("Harris") has moved for a preliminary injunction. *See* ECF No. 25. For the reasons that follow, the motion will be denied. Harris, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this civil rights action against Patricia Thompson, the Superintendent of SCI-Albion, where Harris has been confined. His Amended Complaint alleged that, on December 15, 2024, he was issued a prison misconduct charge for possession of a dangerous controlled substance based on a "false positive" urine test. ECF No. 18, ¶ 4. As a result of the misconduct charge, Harris was transferred to the restricted housing unit ("RHU") of the prison where he was subjected to heightened restrictions, including regular drug testing. *Id.*, ¶ 5. His Amended Complaint seeks compensatory and punitive damages. *Id.*, ¶ 13. *See also Harris v. Thompson*, 2025 WL 607014, at *1 (W.D. Pa. Feb. 25, 2025).

In the instant motion, Harris makes additional allegations concerning a search of his cell on March 18, 2025. ECF No. 25, p. 2. He alleges that this search was conducted in retaliation for "filing lawsuits." *Id.* p. 3. Harris states that his personal property, legal work, and his mother's

1

obituary where thrown away by prison personnel. *Id.* He asks for (1) a declaration that these actions violated his constitutional rights, and (2) an injunction ordering the Defendants to stop "the continued retaliation and witness intimidation." *Id.* p. 6. Harris asks for the imposition of sanctions against the Defendants and commensurate fines as well as compensatory and punitive damages in the amount of $200,000.00 respectively. *Id.* pp. 6-7. The Defendants, at the direction of the Court, have filed a response in opposition to the motion. *See* ECF No. 31.

II.    Legal Standard

The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990).

As the moving party, it is Harris' burden to produce evidence in support of the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Accordingly, Harris must provide facts that clearly support a finding that immediate and irreparable injury will befall him if preliminary relief is denied. *See United States v. Stazola*, 893 F.2d 34, 37 n.3 (3d Cir. 1990); *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See Acierno*, 40 F.3d at 653 (3d Cir. 1994); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

Moreover, the purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1423 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

Relevant here, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" ...' ". *Stile v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)). Thus, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks*,

3

126 S. Ct. 2572, 2578 (2006); *Bell v. Wolfish*, 441 U.S. 520, 527 (1979). *See also Young v. Tarr*, No. 1:25-CV-00025, 2025 WL 906134, at *1–2 (W.D. Pa. Feb. 24, 2025), *report and recommendation adopted*, 2025 WL 904459 (W.D. Pa. Mar. 25, 2025).

III.  Discussion

Harris' motion fails to support preliminary injunctive relief because its factual allegations raise new claims of retaliation based on conduct that occurred after the filing of this lawsuit. *See* ECF No. 25, p. 2, ¶ 5. To state a basis for injunctive relief, a motion must allege facts and claims that are connected to those raised in the plaintiff's complaint. *See Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010) (per curiam); *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017) (stating that "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction"). Harris's allegations of retaliation in his motion are distinct from the claims raised in his Amended Complaint. As such, they do not support injunctive relief. *See, e.g., Verticelli v. Dep't of Corr.*, 2025 WL 1426082, at *6 n. 6 (E.D. Pa. May 15, 2025).

Harris's request for a preliminary injunction also fails because its allegations do not support that he faces imminent, irreparable harm. Instead, his motion asserts generally that prison personnel retaliated against him after filing his lawsuit, but it does not allege facts to support any threat of future misconduct that present any present likelihood of irreparable harm. *See, e.g., Young*, 2025 WL 906134, at *2. And the disconnection between Harris's motion and his Amended Complaint and the vagueness of his allegations also fail to support that he is likely to succeed on the merits of his claims. *See, e.g., Jones v. Gillmore*, 2020 WL 6730821, at *8 (W.D. Pa. July 14, 2020), *report and recommendation adopted*, 2020 WL 4462501 (W.D. Pa. Aug. 4, 2020); *see also Mosher v. Revington*, 2017 WL 1397534, at *4 (M.D. Pa. Apr. 19, 2017).

Finally, Harris' request for declaratory relief fails because it seeks to adjudicate past conduct rather than to address any ongoing or threatened conduct. *See Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3d Cir. 2006) (per curiam) (noting that a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another"); *see also Taggart v. Saltz*, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (per curiam) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

IV. Conclusion

For the foregoing reasons, Harris' motion for a preliminary injunction will be denied.

ORDER

Plaintiff's motion for a preliminary injunction (ECF No. 25) is DENIED.

DATED this 6th day of June, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE